## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER GENSEY and<br>CHRISTINE TIRPAK GENSEY, husband and wife<br><br>                Plaintiff(s),<br><br>                v.<br><br>TIMOTHY D. PADGETT, P.A.<br>D/B/A PADGETT LAW GROUP<br><br>And<br><br>GREGORY FUNDING, LLC<br><br>                Defendant(s). | Civil Case No: _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT -- CLASS ACTION

### PRELIMINARY STATEMENT

1.     Plaintiffs on behalf of themselves and all others similarly situated ("Plaintiffs"), by and through their attorneys, alleges that the Defendants, TIMOTHY D. PADGETT, P.A. D/B/A PADGETT LAW GROUP and GREGORY FUNDING, LLC, and their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from using false, deceptive and misleading representations in connection with the collection of any debt by making material misrepresentations in state court foreclosure complaints which would confuse and mislead the least sophisticated consumer regarding their obligation, method and opportunity to dispute the debt.

## JURISDICTION AND VENUE

2. Jurisdiction arises and is proper under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendants that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are as defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiffs are natural persons, residing in Lehigh County, Pennsylvania at 2431 Kris Drive, Allentown, PA 18104, and are, at all times herein, a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. TIMOTHY D. PADGETT, P.A. D/B/A ADGETT LAW GROUP ("PADGETT") is a law firm maintaining a principal office location at 18 Campus Boulevard, Suite 100, Newtown Square, PA 19073. PADGETT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6) because it uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting consumer debt and regularly engages in the collection or attempted collection of debts asserted to be due or owed to another.

7. GREGORY FUNDING, LLC ("GREGORY FUNDING") is a professional business corporation with a place of business at 13190 SW 68th Parkway, Suite 200, Tigard, OR 97281. GREGORY FUNDING is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6) because it regularly collects or attempts to collect debts owed or asserted to be owed to

another and it obtained the servicing rights to Plaintiffs' mortgage—the debt that is the subject of this suit—after it was allegedly in default.

## STATEMENT OF FACTS

8. PADGETT is a law firm which specializes in the collection of defaulted consumer mortgage debt and describes itself as "experienced and recognized subject-matter experts" in "foreclosure" and "consumer and credit collections"[1].

9. GREGORY FUNDING is a mortgage servicer and obtained the rights to service the residential mortgage loan on Plaintiffs' home after the mortgage was allegedly in default.

10. On or about March 16, 2022, PADGETT filed a state foreclosure complaint on behalf of Ajax Mortgage Loan Trust 2020-A, Mortgage Backed Securities, Series 2020-A, By U.S. Bank National Association, As Indenture Trustee in the Lehigh County Court of Common Pleas to attempt to foreclose on Plaintiffs' home. A true and correct copy of the Complaint is attached as Exhibit A.

11. The state court foreclosure complaint was signed by Jacqueline McNally, Esq., who was acting in her capacity as an attorney employed by PADGETT.

12. The state court foreclosure complaint was a boilerplate form regularly used by PADGETT in all of its Pennsylvania foreclosure matters.

13. The first two pages of the complaint contained a notice to plead required under the Pennsylvania Rules of Civil Procedure. The notice directed Plaintiffs,

> "YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

---

[1] See https://www.padgettlawgroup.com/practices.html (accessed March 15, 2023).

<u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>

Lehigh County Bar Association
Lawyer Referral Service
P.O. Box 1324
Allentown, PA 18105-1324
Telephone: (610) 433-7094"

<u>See</u> Exhibit A.

14. Although the Pennsylvania Rules of Civil Procedure only required one notice to plead, the following two pages of the complaint contained a second notice to plead with identical language. In each instance, the repeated used of the object "THIS OFFICE" referred directly to the Lehigh County Bar Association.

15. On the following page, PADGETT inserted the following language into the state court foreclosure complaint (hereinafter "the Padgett Notice"):

> "THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. THIS NOTICE IS SENT TO YOU IN AN ATTEMPT TO COLLECT THE INDEBTEDNESS REFERRED TO HEREIN AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing in 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice will provide you with the name and address of the original creditor, if different from the current creditor.
>
> IF YOU ARE CURRENTLY PROTECTED BY THE FILING OF A PETITION IN BANKRUPTCY, THE ENCLOSED LETTER/NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND SHOULD NOT BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT. IF YOU HAVE RECEIVED A DISCHARGE IN BANKRUPTCY (AFTER ENTERING INTO THE RELEVANT MORTGAGE NOTE AND MORTGAGE (OR OTHER SECURED OBLIGATION) AND HAVE NOT REAFFIRMED THE DEBT) THEN THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED AS AN ATTEMPT TO COLLECT A DEBT, BUT SOLELY AS PART

OF THE ENFORCEMENT OF THE MORTGAGE/LIEN AGAINST REAL PROPERTY (SECURED PROPERTY)."

See Exhibit A.

16. Nothing in the Padgett Notice was required by law or rule of court; however, the Padgett Notice is routinely used by PADGETT in each its state court foreclosure complaints.

17. These statements by PADGETT in the Padgett Notice are false, misleading, and confusing in that the Padgett Notice directly contradicts and overshadows the 'Notice to Plead' required under the Pennsylvania Rules of Civil Procedure, which requires (a) that a response be filed within twenty (20) days of receipt and (b) that the response be filed with the state court.

18. Additionally, for consumers that have previously filed bankruptcy petitions or are contemplating relief under the bankruptcy code, the notice confusingly states "IF YOU ARE CURRENTLY PROTECTED BY THE FILING OF A PETITION IN BANKRUPTCY, THE ENCLOSED LETTER/NOTICE IS FOR INFORMATIONAL PURPOSES ONLY…."

19. Plaintiff Christine Gensey has filed bankruptcy petitions in the Eastern District of Pennsylvania docketed at 20-13250 and 19-17100 and Gensey received a discharge of the mortgage debt on June 29, 2020 (See Case No. 19-17100, ECF No. 46).

20. The Padgett Notice is confusing and unclear about how a consumer is "protected" by a prior bankruptcy filing. Additionally, the Complaint falsely suggests to consumers that have previously filed a bankruptcy petition that the Complaint is for "informational purposes only".

21. The statements by PADGETT that the Complaint is for "informational purposes only" is false and misleading, and intended to suggest to consumers that they are not required to take any action in response to the Complaint.

22. Plaintiffs and others similarly situated would be confused by PADGETT's notice that they could 'dispute' the foreclosure by sending a writing to "this office" within the "30 day

dispute period" under the FDCPA.  If Plaintiff and others similarly situated sent a written dispute within the "30 day period" would they not be required to dispute the debt by filing an appearance and defense in the state court within the twenty (20) days allowed under the Pennsylvania Rules of Civil Procedure? If Plaintiff and others similarly situated sent a written dispute within the "30 day period" would they be giving up their rights to dispute the debt by filing an appearance and defense in the state court within the twenty (20) days allowed under the Pennsylvania Rules of Civil Procedure, which would result in a default judgment being entered in the state court foreclosure? If the Complaint was for "*informational purposes only*" was a response even required?

23. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand and make informed decisions about, and participate fully and meaningfully in, the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiffs in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

24. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiffs' ability to intelligently choose his or her response.

### POLICIES AND PRACTICES COMPLAINED OF

25. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia* using false, deceptive or misleading representations or means in connection with the collection of a debt.

26. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

**CLASS ACTION ALLEGATIONS**

27. Plaintiffs brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of themselves and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent foreclosure complaints from the Defendants, in violation of the FDCPA, as described in this Complaint.

28. This Action is properly maintained as a class action. The Class is initially defined as:

>   1) All Pennsylvania consumers whom PADGETT sued in foreclosure and served with state foreclosure complaints containing the notice stated in paragraph 15, above.
>
>   2) All Pennsylvania consumers with mortgage loans serviced by GREGORY FUNDING, LLC, whom PADGETT sued in foreclosure and served with state foreclosure complaints containing the notice stated in paragraph 15, above.
>
>   The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

29. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

>   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard collection practice involving at least fifty (50) persons.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA;

        ii. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

30. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

31. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

32. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §**
1692 *et seq*. VIOLATIONS

33. Plaintiffs, on behalf of themselves and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein. Collection letters and/or notices, such as those sent by PADGETT, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

34. The Defendant's notice language described in paragraph 15 herein above would cause the least sophisticated consumer to be confused about his or her rights.

35. Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiffs made in the state court foreclosure complaint and others similarly situated.

36. Section 1692e provides, in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(2) The false representation of—

(A)the character, amount, or legal status of any debt; or

\* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37.     Defendant GREGORY FUNDING, LLC, a debt collector, was responsible for the supervision of Defendant PADGETT, and is, therefore, vicariously liable for the illegal and improper debt-collection tactics employed by PADGETT.

38.     Defendant's false, misleading and deceptive statements are material to the least sophisticated consumer.

39.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

40.     Plaintiffs and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

41.     Plaintiffs and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

42.     Plaintiffs have suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demands trial by jury on all issues so triable.

## **PRAYER**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 15, 2023

*/s/ Robert P. Cocco*
Robert P. Cocco, Esq. (I.D. No. 61907)
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 827-5403 facsimile

*/s/ Sean P. Mays*
Sean P. Mays, Esq. (I.D. No. 307518)
The Mays Law Firm, P.C.
65 W. Street Road, Suite B102
Warminster, PA 18974
(215) 792-4321 telephone and fax